801 F.2d 709
 41 Fair Empl.Prac.Cas. 1485,
41 Empl. Prac. Dec. P 36,630
Maxine C. PECKER, Appellant,
v.
Margaret HECKLER, Dept. of Health & Human Services, Martha
McSteen, Social Security Administrator, Appellees.
 No. 85-2374.
 United States Court of Appeals,
Fourth Circuit.
 Argued July 16, 1986.
Decided Sept. 24, 1986.
 
 Sarah E. Siskind (Vladeck, Waldman, Elias & Engelhard, P.C., New York City, on brief), for appellant.
 Linda R. Ruiz (Office of Gen. Counsel, Dept. of Health and Human Services, Justin W. Williams, U.S. Atty., Paul P. Newett, Asst. U.S. Atty., Alexandria, Va., on brief), for appellee.
 Before WINTER, Chief Judge, and HALL and SPROUSE, Circuit Judges.
 HARRISON L. WINTER, Chief Judge:
 
 
 1
 Maxine Pecker appeals from an order of the district court granting summary judgment in favor of the Secretary of the Department of Health and Human Services and the Commissioner of the Social Security Administration in her suit to enforce a decision of the Equal Employment Opportunity Commission (EEOC), which had found that she had been denied a promotion as a result of race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Secs. 2000e et seq. The major controversy in the district court concerned whether the relief granted by the EEOC was adequate. The district court decided that it was, stating that plaintiff "ha[d] received what she was entitled to." Because we think that she is entitled to greater relief than that granted by the EEOC and upheld by the district court, we reverse the judgment of the district court and remand for the entry of a decree declaring defendants liable for discrimination and retaliation in denying plaintiff's promotion, enjoining further discrimination and retaliation against plaintiff, and ordering reinstatement, back pay, and front pay.
 
 I.
 
 2
 In August 1978 plaintiff, a Hearing Assistant (classified at government service grade level GS-8) in the Albany, New York office of the Social Security Administration's Bureau of Hearing and Appeals, was temporarily detailed to the Bureau's central office in Arlington, Virginia. Plaintiff served consecutive 30-day details in the Arlington office until April 1979, when she returned to Albany. During those details she acted as Deputy Manager, Docket and Files, and as defendants concede, performed her duties in an outstanding manner.
 
 
 3
 In March 1979 the agency posted a vacancy announcement for the position of Deputy Manager, Docket and Files, GS-10. Four persons were placed on the "best qualified" list, including plaintiff, who was considered by the Manager of Docket and Files as the most highly qualified of the four. Before anyone was selected for the job, the agency cancelled the vacancy announcement. Then in September 1979, while the position was unfilled, the Deputy Manager job was reclassified at the GS-11 level.
 
 
 4
 In June 1979 plaintiff filed an Equal Employment Opportunity (EEO) complaint charging that, by cancelling the vacancy announcement, defendants retaliated against her[1] and discriminated against her on the basis of religion, sex, and race.
 
 
 5
 The Complaints Examiner found that plaintiff was the victim of racial discrimination and retaliation as a result of the cancellation of the vacancy announcement, which denied plaintiff the opportunity to be considered for promotion. The Examiner recommended that plaintiff be given priority consideration for the next available GS-10 position for which she was qualified.
 
 
 6
 Defendants adopted this decision. Plaintiff, however, appealed to the EEOC, challenging the adequacy of the remedy.
 
 
 7
 The EEOC found that defendant had not proved by clear and convincing evidence that plaintiff would not, even absent discrimination, have received the vacant position if it had not been cancelled. It ordered defendants to promote plaintiff retroactively to the position of Deputy Manager, GS-10, effective April 1979. The EEOC further stated that if a position of Deputy Manager was not vacant at the time of its decision, the parties could agree on an alternative placement with similar benefits.
 
 
 8
 At the time of that decision, the position of Deputy Manager was filled and there was no available GS-10 position in the Bureau's Arlington office. Plaintiff filed this suit in the district court seeking declaratory and injunctive relief, retroactive promotion (to "the grade level and position she would have occupied but for defendants' discriminatory and retaliatory treatment"), and commensurate back and front pay and benefits. Approximately seven weeks after suit was filed, defendant offered plaintiff the newly created position of Case Reconstruction Supervisor, GS-10. Plaintiff accepted the offer, at the same time indicating that she still disputed the remedy.
 
 
 9
 Liability was not contested in the district court, the sole issue being the adequacy of the remedy granted by the EEOC. The district court denied plaintiff's request for additional relief, granting defendant's motion for summary judgment.
 
 
 10
 Plaintiff appeals, asserting entitlement to reinstatement to the position of Deputy Manager, Dockets and Files, GS-11 (the level to which the job was upgraded shortly after she was denied promotion). She also requests backpay, dating from April 1980,[2] at the GS-11 level and front pay at the same level until such time as she is placed in the GS-11 job she seeks, or its substantial equivalent. Plaintiff also challenges the district court's failure to enter an order enforcing the EEOC's finding of liability and enjoining further discrimination against her by defendants.
 
 
 11
 Defendants urge affirmance of the district court's order, contending that plaintiff was entitled only to reinstatement and backpay at the GS-10 level (the classification of the Deputy Manager's job in April 1979 when plaintiff was denied promotion), and that in any event her current position as Case Reconstruction Supervisor, GS-10, is the substantial equivalent of the job to which she is entitled.
 
 II.
 A. Reinstatement
 
 12
 The central issue raised in this appeal is whether the remedy afforded by the EEOC and affirmed by the district court was adequate to make plaintiff whole pursuant to the remedial provisions of Title VII.[3] See 42 U.S.C. Secs. 2000e-5(g) and 2000e-16. We recently stated the standard to be applied by the courts of this circuit in determining what is an appropriate remedy under the statute: "[O]ur objective is to place plaintiff in a position as near as possible to where she would now be had discrimination not occurred." Curl v. Reavis, 740 F.2d 1323, 1330 (4 Cir.1984) (citing Albemarle Paper Co. v. Moody, 422 U.S. 405, 418-19, 95 S.Ct. 2362, 2372, 45 L.Ed.2d 280 (1975); see also Franks v. Bowman Transportation Co., 424 U.S. 747, 769, 96 S.Ct. 1251, 1266, 47 L.Ed.2d 444 (1976).
 
 
 13
 In the case before us, the task of determining what plaintiffs' position would be absent discrimination presents little difficulty. Plaintiff has shown[4] that the position of Deputy Manager, Dockets and Files, GS-10, for which she applied in early 1979, remained vacant and then was upgraded to GS-11 in September 1979. The nature of the job did not change as a result of the upgrade[5] and it was substantially the same as the job performed by plaintiff during her Deputy Manager "details" in 1978-79. It is conceded that she performed these latter duties in an outstanding manner. Plaintiff thus is not asking us to accept the notion that she is qualified for, and should be promoted to, a position different and more demanding than that which she was denied in April 1979. The remedy she seeks (mischaracterized as "extraordinary" by defendants) is simply the benefit of the upgrade of the Deputy Manager position, which she would have occupied absent defendants' discrimination.[6] Given that she had proven herself capable of performing the Deputy Manager's duties in an outstanding manner, we are persuaded that, absent discrimination, she would have attained level GS-11 in April 1980, following the requisite year of satisfactory service in grade at the GS-10 level. We therefore hold that plaintiff is entitled to reinstatement to the position of Deputy Manager, Dockets and Files, GS-11, or its substantial equivalent, when such a position becomes available.[7]
 
 
 14
 Our conclusion accords with our earlier decisions, in which we have fashioned relief more expansive than mere reinstatement to the position at the very same level as that initially denied due to discrimination. See, e.g., White v. Carolina Paperboard Corp., 564 F.2d 1073, 1084 (4 Cir.1977) (relief for discriminatory hiring and promotion determined by reference to court-reconstructed hypothetical line of progression along which plaintiff would have advanced absent discrimination) (citing United Transp. Union Local No. 974 v. Norfolk & W. Ry. Co., 532 F.2d 336, 341 (4 Cir.1975)); Curl v. Reavis, 740 F.2d 1323 (4 Cir.1984) (female plaintiff discriminatorily denied job as patrol deputy awarded preferential consideration for higher level job of detective, provided she acquire some "road experience" in the meantime).
 
 
 15
 Our conclusion also finds support in decisions from other circuits. In order to accomplish the broad remedial purposes of make whole relief under Title VII, courts have looked beyond the particular position or benefit that a plaintiff has been denied, in order to determine the relief to which the plaintiff is entitled. See Saunders v. Claytor, 629 F.2d 596, 597 (9 Cir.1980) cert. denied, 450 U.S. 980, 101 S.Ct. 1515, 67 L.Ed.2d 815 (1981) (district court's order required that plaintiff who had been discriminatorily denied the position of EEO Specialist, GS-9, "be promoted to the position of EEO Specialist at the level of GS-11, the same level that she would most likely have attained had she been hired for that position [in the first instance]"); Locke v. Kansas City Power & Light Co., 660 F.2d 359, 369 (8 Cir.1981) (recognizing possible remedy of "job skipping," permitting placement of plaintiff in a higher level position than the one that he was initially denied, provided he "has demonstrated the skills or other qualifications legitimately required or [sic] the higher level job and the promotion is in a line of progresion where a promotion is normally forthcoming after some interval of time") (citing Young v. Edgcomb Steel Co., 499 F.2d 97 (4 Cir.1974)); Cross v. U.S. Postal Service, 34 Fair Empl.Prac.Cas. (BNA) 1442 (E.D.Mo.1983), aff'd 733 F.2d 1327 (8 Cir.1984) (plaintiff, initially denied a GS-6 position, granted reinstatement at a GS-10 level position, having shown that she had adequate experience and qualifications); Evans v. Baldridge, 27 Fair Empl.Prac.Cas. (BNA) 1479, 1481 (D.D.C.1982); EEOC v. Kallir, Philips, Ross, Inc., 420 F.Supp. 919, 923-24 (S.D.N.Y.1976).
 
 B. Back Pay and Front Pay
 
 16
 In addition to entitlement to reinstatement as Deputy Manager, GS-11, plaintiff is entitled to back pay at the GS-11, salary level dating from April 1980 (when she would have become eligible for elevation to GS-11), and back pay at the GS-10 level for the period from April 1979 to April 1980. She is also entitled to "front pay"[8] at the GS-11 level, from the date of this decision until such time as she is reinstated as Deputy Manager, GS-11 or a substantially equivalent position.[9]
 
 III.
 
 17
 To summarize, we hold that plaintiff is entitled to reinstatement in the position of Deputy Manager, Dockets and Files, GS-11, or its substantial equivalent, as soon as such position becomes available. She is also entitled to back pay at the GS-10 level for the period from April 1979 to April 1980 and at the GS-11 level from April 1980 to the present, as well as front pay at the GS-11 level until she is placed in the position to which she is entitled. On remand, the district court is instructed to enter an order granting such relief, declaring defendant's liability for race discrimination and retaliation (on the basis of the EEOC's findings), and enjoining any such further discrimination or retaliation against plaintiff, see supra note 3.
 
 
 18
 REVERSED AND REMANDED WITH INSTRUCTIONS.
 
 
 
 [1]
 Plaintiff alleged that defendants retaliated against her because she refused to assist her superiors in persuading a fellow employee to abandon his EEO complaint against defendants
 
 
 [2]
 Although the Deputy Manager's position to which plaintiff, in April 1979, was denied promotion was upgraded from GS-10 to GS-11 in September 1979, plaintiff herself would not have become eligible for GS-11 pay until April 1980. At that point she would have spent the requisite one year of service "in grade" as a GS-10 employee
 
 
 [3]
 The parties also raise the question whether plaintiff was entitled to a district court order affirming the EEOC's finding of liability. Defendants contend that they have not admitted liability (although they adopted the Complaint Examiner's finding of discrimination and retaliation and admitted that their compliance with the EEOC's decision is mandatory under EEOC regulations) and that the issue of discrimination was not placed squarely before the district court in the first place. We think that the defendants are bound by the EEOC's findings of discrimination and retaliation. Moore v. Devine, 780 F.2d 1559 (11 Cir.1986) (applicable federal regulations and case law "require that the district courts enforce final EEOC decisions favorable to federal employees when requested to do so"); see Houseton v. Nimmo, 670 F.2d 1375, 1378 (9 Cir.1982). The plaintiff unmistakably requested the district court to declare the acts of defendants to be in violation of Title VII. We think that she was entitled to a district court order to that effect
 We disagree with defendants' contention that plaintiff's counsel, before the district court, orally waived any right to an order declaring liability. Having requested such an order in her complaint, plaintiff simply left it to the court's discretion whether, in order to grant the additional relief requested, entry of the order was required. We do not view this as a waiver of plaintiff's entitlement to the order.
 We also note that plaintiff requested the district court to enjoin permanently the Title VII violations that were the subject of her complaint. The district court did not do so. We think plaintiff was entitled to the injunctive relief requested, and on remand the district court should order such relief.
 
 
 [4]
 The parties have, to some extent, addressed the issue of who bears the burden of proving whether plaintiff would have been elevated to the level of GS-11. Defendants concede that they had (and failed to carry) the burden of showing by clear and convincing evidence that, even absent discrimination, plaintiff would not have received the position of Deputy Manager, GS-10, in April 1979. See Day v. Mathews, 530 F.2d 1083 (D.C.Cir.1976). However, they assert, without citation to authority, that plaintiff bears the burden of proving that she would have been elevated to GS-11 in April 1980 had she not been denied promotion a year earlier. Plaintiff, citing Day, contends that defendants must prove, by clear and convincing evidence, that she would not have been elevated to GS-11
 The burden of proof issue has not been thoroughly briefed or argued on appeal, but, in any event, we find it unnecessary to express a view on this issue. Even if plaintiff has the burden of proof, her showing of entitlement to reinstatement at the GS-11 level is sufficient to support her claim for relief.
 
 
 [5]
 The record shows this to be true despite defendants' assertion (made without citation to evidence or authority) that under government personnel standards no upgrade in GS level would have been possible unless the nature of the job had been changed. Mr. McGruder, the person who effected the change in grade, testified in his deposition that the Deputy Manager position was upgraded to GS-11 in order to keep pace with the upgrade of the Manager position to GS-12; this was in keeping with the "accepted procedure" of maintaining a Deputy Manager's position at a level one grade lower than that of the position of the Manager to whom she reports
 The Spring 1979 upgrade of the position from GS-9 to GS-10 was designed to "upgrade the whole activity, ... recognizing the responsibilities that people were taking and mak[ing] sure that the grade level that was attached to the job was appropriate to the responsibilities that had been assigned to them." Again, this suggests that the grade was changed to conform with the duties of the position, and not that the nature of the job itself was changed.
 
 
 [6]
 Defendants argue that this position, which was vacant when upgraded in September 1979, would not have been upgraded if it had been occupied at that time. We emphatically reject this contention. Nothing in the record suggests that the decision whether to upgrade a position is influenced by whether the position is filled at the time and we know of no reason why this should be so. See supra note 5
 
 
 [7]
 The position of Deputy Manager, GS-11, is currently filled. Under the law of this circuit, the innocent incumbent may not be displaced. Spagnuolo v. Whirlpool Corp., 717 F.2d 114, 120-21 (4 Cir.1983); Patterson v. American Tobacco Co., 535 F.2d 257, 267-68 (4 Cir.), cert. denied, 429 U.S. 920, 97 S.Ct. 314, 315, 50 L.Ed.2d 286 (1976)
 
 
 [8]
 Our prior cases have embraced the concept of awarding front pay as part of a make whole remedy for employment discrimination. Spagnuolo v. Whirlpool Corp., 717 F.2d 114 (4 Cir.1983); Patterson v. American Tobacco Co., 535 F.2d 257 (4 Cir.1976). See generally B. Schlei & P. Grossman, Employment Discrimination Law 1434-35 & n. 51 (1983)
 
 
 [9]
 We reject defendant's contention that the job now held by plaintiff--Case Reconstruction Supervisor, GS-10--is the substantial equivalent of the position to which she is entitled. Her current job, in which she helps to supervise some 15-20 employees, has substantially less responsibility and stature than the Deputy Manager's position, which supervises 80-100 employees. Of course, it also pays less than the GS-11 position