**Reginald T. HUEY, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 87-0579-CV-W-JWO.**

United States District Court, W.D. Missouri, W.D.

Feb. 8, 1989.

Elmer C. Jackson, Jr., Kansas City, Kan., for plaintiff.

E. Eugene Harrison, Asst. U.S. Atty., Kansas City, Mo., for defendant.

### MEMORANDUM AND ORDERS

JOHN W. OLIVER, Senior District Judge.

I

This case pends on plaintiff's motion for partial summary judgment and defendant's

cross-motion for summary judgment. For the reasons that follow, we find and conclude that plaintiff's motion for partial summary judgment should be granted and that any ruling on defendant's motion for summary judgment should be deferred until the parties have complied with this Court's order directing further proceedings.

## II

### Background

On June 20, 1978, the plaintiff filed a formal EEO complaint alleging that since August 15, 1976 he had been discriminated against on the basis of race (black) and reprisal when he was denied promotion to twelve positions within different components of the then Department of Health, Education, and Welfare.[1] Following an EEO investigation and proposed disposition, the Director of the EEO for the Agency issued its final decision finding no discrimination or reprisal with respect to all allegations raised in the complaint.

Plaintiff appealed to the EEOC. The Commission remanded the complaint to the Agency for further investigation. After remand, the supplemental investigation revealed that records relating to all of the vacancies named in plaintiff's complaint had been "purged." Therefore, much of the information requested by the EEOC could not be obtained.

In its second final decision, the Agency rejected plaintiff's allegations with respect to his nonselection for seven of the positions as untimely. As to the remaining five positions and reprisal allegations, the Agency again found no discrimination or reprisal.

Plaintiff again appealed to the EEOC. The EEOC's February 28, 1986 decision affirmed the Agency's rejection of the untimely allegations. *See* Exh. A attached to Deft's Memo. in Oppos. to Plt's Motion for Partial S.J. filed Sept. 28, 1988 at 4–5 (hereafter September 28, 1988 filing). The EEOC then reviewed plaintiff's timely allegations concerning his nonselection of the remaining five positions. *Id.* at 5–10.

The EEOC first found that plaintiff had established a *prima facie* case of race discrimination with respect to the plaintiff's nonselection for four of the five positions. *Id.* at 6 (applying test set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). Having articulated a *prima facie* case, the EEOC shifted the burden to the Agency to articulate a legitimate, nondiscriminatory reason for its challenged action.[2]

The EEOC found that the Agency, which maintained that it selected the best qualified candidates for the positions, had met its burden of production. The EEOC then shifted the burden to plaintiff to demonstrate that the reasons offered by the Agency were not its true reasons, but rather were a pretext for discrimination. *Id.* at 6–7 (citing *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981)).

The EEOC found, however, that as the result of the Agency's purging of relevant documents, the record was insufficient for purposes of allowing plaintiff a full and fair opportunity to establish pretext on the part of the Agency. The EEOC further found that the Agency had failed to make any effort to reconstruct the record. *Id.* at 7–8 (citing *Insurance Corp. of Ireland v. Compagnie Des Bauxites De Guinee,* 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982), and *Hammond Packing Co. v. Arkansas,* 212 U.S. 322, 29 S.Ct. 370, 53 L.Ed. 530 (1909)).

The Commission therefore applied the "adverse inference rule" and presumed that had the requested information been produced, it would have shown that the Agency's articulated reasons were not its

---

1. The Agency has since been reorganized and entitled the Department of Health and Human Services (hereafter Agency).

2. This burden is a burden of production, which may be met by the introduction of testimony into evidence. The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against plaintiff remains at all times with the plaintiff. *Burdine,* 450 U.S. at 253, 101 S.Ct. at 1093.

true reasons "but were rather pretexts for discrimination." *Id.* at 8. The EEOC concluded that the Agency had discriminated against plaintiff on the basis of his race when it failed to select him for any of the four positions. *Id.*

As to the fifth position for which plaintiff was not selected, the Agency asserted that he was deemed unqualified for the position. For the reasons noted above, the Commission again applied the "adverse inference" doctrine and found that had the requested evidence been produced, it would have established that plaintiff was in fact qualified but not selected because of his race. *Id.* at 8.

As relief, the EEOC ordered that plaintiff "shall be promoted to the position of his choice" from the five positions "which he was discriminatorily nonselected." [3] *Id.* The promotion was to be "made immediately, and [was to] be made retroactive to the date that particular position was originally filled." *Id.* at 8–9. The Agency was also ordered to award appellant back pay and "any other incidental benefits which he would have received but for the discrimination he suffered." *Id.* at 9.

The Agency timely filed a motion with the EEOC to reopen and reconsider the EEOC's February 28, 1986 decision. The Agency's request was granted in part and denied in part in the EEOC's May 26, 1987 decision. (Exh. B attached to Deft's Sept. 28, 1988 filing). As to the EEOC's application of the "adverse inference" doctrine and its finding of discrimination, the EEOC affirmed its earlier decision. *Id.* at 6–9.

As to the relief ordered in its February 28, 1986 decision, the EEOC granted the Agency's request to reopen "insofar as it concerns the placement of [plaintiff] in a specific position of his choice." *Id.* The Commission found that the position chosen

by plaintiff, Executive Assistant to the Principal Regional Official, along with the other four positions named in plaintiff's complaint had changed "in the scope and description" during the nearly ten years that had passed from the time plaintiff originally sought such positions. *Id.* at 8–9. The EEOC, therefore, found that "the circumstances surrounding this matter have rendered this portion of its previous order inappropriate." *Id.* at 9. The EEOC modified paragraph A of its previous order "to provide that the agency is ordered to retroactively promote [plaintiff] to a Grade 12 position substantially equivalent to any of the five positions which appellant was discriminatorily denied." *Id.* at 9.

Following the EEOC's May 26, 1987 decision, plaintiff filed the above-entitled action. Plaintiff's complaint seeks to enforce the EEOC's finding that the Agency had, in fact, discriminated against plaintiff on the basis of his race when it failed to select him for the five positions at issue. Plaintiff's complaint, however, seeks relief beyond that which the EEOC awarded in its May 26, 1987 decision.[4]

### III

### Legal Issues

Plaintiff's motion "moves the Court for a partial summary judgment on the issue of discrimination in the above case for the reason that the pleadings ... show that there is no genuine issue as to any material fact on the issue of whether or not the plaintiff was discriminated against and that such issue has been previously determined by the EEOC and that the plaintiff-movant is entitled to judgment on this issue as a matter of law." To support his motion, plaintiff primarily relies on the EEOC's

---

**3.** Those five positions were: (1) Social Insurance Program Specialist, GS–105–12; (2) Process Module Manager, GS–301–12; (3) Executive Assistant to the Principal Regional Official, GS–301–12; (4) Social Insurance Program Analyst, GS–105–12; and (5) Supervisory Quality Appraisal Specialist, GS–301–12.

**4.** Specifically, plaintiff prays that he be appointed to the position of Executive Assistant to the

Principal Regional Official, a GS 12/13 position he chose pursuant to the EEOC's earlier March 24, 1986 decision. The EEOC's May 26, 1987 decision modified its earlier relief order, directing the Agency to promote plaintiff to a Grade 12 position substantially equivalent to any of the five positions which plaintiff was discriminatorily denied. *See* Plt's Amended Complaint at 6.

May 26, 1987 decision and the Eleventh Circuit's decision in *Moore v. Devine,* 780 F.2d 1559, 1560 (11th Cir.1986) (requiring district courts "to enforce final EEOC decisions favorable to federal employees when requested to do so.").

Defendant, in its suggestions in opposition concedes that "[i]f the plaintiff seeks merely to enforce a favorable [EEOC] decision, the Court is bound by the EEOC's decision." Deft's Sept. 28, 1988 filing at 33–34 (citing *Moore v. Devine,* 780 F.2d 1559, 1564 (11th Cir.1986). The Agency contends, however, that plaintiff "is not asking the Court to enforce the decision of the EEOC, but rather, to grant him relief over and above the relief which he was given by the EEOC. Therefore, any trial held in this case would have to be *de novo,* on both issues of liability and relief."[5] Deft's Dec. 2, 1988 reply brief at 9 (citing *Chandler v. Roudebush,* 425 U.S. 840, 860, 861–64, 96 S.Ct. 1949, 1959, 1959–61, 48 L.Ed.2d 416 (1976); *Haskins v. United States Dept. of the Army,* 808 F.2d 1192, 1199 (6th Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 68, 98 L.Ed.2d 32 (1987); *Bartel v. United States Federal Aviation Administration,* 664 F.Supp. 669 (E.D.N.Y.1987).

The suggestions in support and in opposition to plaintiff's motion for partial summary judgment reveal that a question of law has been raised as to whether this Court is precluded from determining the adequacy of the EEOC's ordered relief unless this Court first conducts a trial *de novo* on the EEOC's liability finding.

After reviewing the briefs filed by the parties and after conducting its own research, the Court is satisfied that the Eighth Circuit has not addressed the precise question presented before the Court. The Fourth Circuit, however, under circumstances similar to the instant case, has addressed the question presented. We find that decision to be controlling under the circumstances of this case. *See Pecker v. Heckler,* 801 F.2d 709 (4th Cir.1986).

In *Pecker* the EEOC found that the plaintiff was the victim of racial discrimination and retaliation and ordered the EEOC to promote plaintiff retroactively to a Deputy Manager position, GS–10 or, if that position was not available, to a position with similar benefits. *Id.* at 710.

The plaintiff brought suit in district court to enforce the EEOC order. Plaintiff's suit also contested the adequacy of the relief granted by the EEOC. The district court found the relief awarded by the EEOC was sufficient and granted summary judgment in favor of defendant. *Id.* at 709–10.

On appeal, the *Pecker* court stated the "central issue raised in this appeal is whether the remedy afforded by the EEOC and affirmed by the district court was adequate to make plaintiff whole pursuant to the remedial provisions of Title VII." *Id.* at 711. The court further noted that the "parties also raised the question whether plaintiff was entitled to a district court order affirming the EEOC's finding of liability."[6] *Id.* at 711 n. 3.

As to the "central" issue, the court found that plaintiff was entitled to greater relief than granted by the EEOC and entered an order directing the district court to grant such relief. As to the second issue, the court found that "the defendants are bound by the EEOC's findings of discrimination and retaliation. *Moore v. Devine,* 780 F.2d 1559 (11th Cir.1986) (applicable federal regulations and case law 'require that the district courts enforce final EEOC decisions favorable to federal employees when requested to do so.')." *Id.* at 711 n. 3. The *Pecker* court further stated that the "plaintiff unmistakenly requested the district court to declare the acts of defendants to be in violation of Title VII. We think

---

**5.** *See also id.* at 36 n. 17 ("once the plaintiff challenges the EEOC's decision by asking the Court to grant him relief over and above that which the EEOC granted him, the Court must make its own decision, *de novo,* as to whether discrimination played any part in the decision not to promote plaintiff....").

**6.** The defendants in *Pecker* contended that such an order would be unwarranted since "they have not admitted liability and that the issue of discrimination was not placed squarely before the district court." *Id.*

[plaintiff] was entitled to a district court order to that effect." *Id.*

Like the plaintiff in *Pecker*, plaintiff in the instant cause has specifically requested that this Court (1) enforce the EEOC's findings of discrimination and (2) order relief greater than that granted by the EEOC. We believe, as the *Pecker* court so found, that the defendants are bound by the EEOC's unequivocal findings of discrimination. We accordingly will enter an order to that effect.

Defendant's reliance on *Haskins v. United States Dept. of the Army*, 808 F.2d 1192, 1199 (6th Cir.1987), to buttress its argument that "plaintiff may not take the benefit of the EEOC's finding on the issue of liability, but reject its determination of what constitutes appropriate relief" is untenable.[7] Deft's Dec. 2, 1988 reply brief at 6.

To the contrary, we find the Fifth Circuit's decision, which cites *Pecker v. Heckler* with approval, is consistent with our ruling. In *Haskins*, a "dual motivation" discrimination case, the EEOC found that the Army had discriminated against the plaintiff on the basis of her race. *Id.* at 1194. Relying on *Day v. Mathews*, 530 F.2d 1083 (D.C.Cir.1976), the EEOC further found, however, that "even absent the *impermissible* discrimination, the complainant would not have been selected to fill the position."[8] *Id.* at 1194 ("same decision" test).

The district court, in accordance with the plaintiff's request, did not conduct a *de novo* review of the facts underlying the EEOC's liability finding. *Id.* at 1200. The district court only conducted a *de novo* review of the facts necessary to determine whether appellant would have been promoted in the absence of discrimination. This review was conducted pursuant to plaintiff's request since the EEOC decided against her on the issue of entitlement to back pay and retroactive promotion.

The plaintiff in *Haskins* relying on *Pecker v. Heckler*, contended that when the EEOC finds for the plaintiff on the question of liability then the liability finding cannot be challenged by the district court, rather the district court should only determine whether the Agency awarded appropriate relief. *Id.* at 1196.

The *Haskins* court, in affirming the district court distinguished the *Pecker* case by stating:

> The difference in the instant case and *Pecker v. Heckler* is obvious: the district court in the instant case did not, and could not, adopt a favorable "same decision" test analysis based on the administrative findings since the EEOC had resolved the issue against appellant. Accordingly, appellant did not enter district court having already established an entitlement to retroactive promotion and back pay.

*Id.* at 1200. Thus, the Fifth Circuit concluded "[u]nder the present circumstances, it would have constituted legal error for the district court to award back pay and retroactive promotion based solely on the administrative record." *Id.*

As the summary of the record in part II establishes and defendant concedes, this case, unlike *Haskins*, is not a "dual motivation" case. On the contrary, it is the typical "single motive" Title VII action for which the familiar evidentiary framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), is designed. Under the evidentiary framework of *McDonnell*, the EEOC in the instant case, found that the Agency's artic-

---

**7.** Defendant also relies on *Chandler v. Roudebush*, 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976), and *Bartel v. United States Federal Aviation Admin.*, 664 F.Supp. 669, 673 (E.D.N.Y. 1987). This Court finds both cases unpersuasive. The Supreme Court in *Chandler* simply did not reach the question presented in the instant case.

To the extent that the dicta in *Bartel* is inconsistent with our ruling and the authority upon which we rely, we respectfully disagree with the *Bartel* court. *See Bartel*, 664 F.Supp. 669, 673 n. 7 (E.D.N.Y.1987) (citing *Chandler*, 425 U.S. at 864 n. 39, 96 S.Ct. at 1961 n. 39).

**8.** For an explication on the differences between "single" and "mixed" motive Title VII discrimination actions and the correlated variances in standards of causation in those cases, see *Bibbs v. Block*, 778 F.2d 1318 (8th Cir.1985).

ulated reason for nonselection of the plaintiff was a "pretext" for race discrimination. Thus, unlike the plaintiff in *Haskins*, plaintiff in this case demonstrated that "but for" his race he would have received the jobs which he was discriminatorily denied, *i.e.*, causation. *See Bibbs v. Block*, 778 F.2d 1318, 1320–21 (8th Cir.1985) (the very showing in a single motive case, "that the defendant's asserted reason was a pretext for race discrimination is also a demonstration that but for his race, plaintiff would have gotten the job.").

Plaintiff in the instant case therefore has entered this Court having already established both the Agency's liability and his entitlement to retroactive promotion. Accordingly, this Court, consistent with both *Haskins* and *Pecker* and pursuant to plaintiff's request, finds and concludes that defendant is bound by the EEOC's findings of discrimination. We therefore can and should determine whether the remedy afforded by the EEOC was adequate under the remedial provisions of Title VII without reviewing *de novo* the underlying merits of plaintiff's discrimination claim. *See* 42 U.S.C. §§ 2000e–5(g), 2000e–16; *Pecker*, 801 F.2d at 711 (setting forth standard to be applied in determining an appropriate remedy under Title VII).

### IV

Defendant's cross-motion "requests the Court to grant summary judgment in its favor on the grounds that the plaintiff is entitled to no more than the relief specified by the EEOC in its decision of May 26, 1987." Deft's Sept. 28, 1988 filing at 26.

Plaintiff contends in his suggestions in opposition to defendant's summary judgment motion that the EEOC's May 26, 1987 ruling "left many unanswered questions on the relief the plaintiff was legally entitled to" and therefore he "is entitled to a forum to receive facts on this important issue." Plt's Sugg. in Oppos. at 5.

Plaintiff's suggestions in opposition also request, *inter alia*, that (1) "the previous

order of the Court entered August 30, 1988, requiring the parties to stipulate as to the facts each party [contends the Court] should consider in determining the issue of plaintiff's relief be complied with" and (2) that the parties comply with our order "requiring plaintiff and defendant [to] agree on and file a joint status report as to what further proceedings are necessary." *Id.* at 7.

There may or may not be genuine issues as to material facts which would preclude this Court from granting plaintiff full summary judgment.[9] We accordingly will defer ruling on defendant's motion for summary judgment and enter an order convening a conference. That order will also direct the parties to make appropriate preparations for the conference.

### V

For the reasons stated above, it is therefore

ORDERED (1) that plaintiff's motion for partial summary judgment requesting this Court to enforce the EEOC's discrimination findings and declare defendant liable for racial discrimination by failing to promote plaintiff to any of the five positions noted above is hereby granted. It is further

ORDERED (2) that a conference shall be convened on February 24, 1989 at 10:00 a.m. for the purpose set forth in the text of part III above. In preparation of that conference, each party shall prepare, serve, and file on or before 12:00 Noon, February 22, 1989 a statement that shall (1) set forth the factual circumstances that they believe are established by the present record and (2) recite any material facts which they believe may be established by stipulation or by submission of affidavit and additional documentary evidence.

---

**9.** In light of this opinion, we will defer ruling on defendant's November 28, 1988 motion to

amend order requiring a stipulation of facts.