**Michael J. COCCIARDI**

v.

**Lt. General Vincent M. RUSSO.**

**Civ. A. No. 88–7203.**

United States District Court, E.D. Pennsylvania.

Sept. 28, 1989.

David H. Ward, Asst. U.S. Atty., Philadelphia, Pa.

Marlene Serrena, Atty. Advisor, Defense Logistics Agency, Philadelphia, Pa.

MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Plaintiff Michael J. Cocciardi was employed by the Defense Logistics Agency ("DLA") at the Defense Personnel Support Center in Philadelphia. On September 17, 1976, he filed a complaint of discrimination against DLA alleging that his annual performance rating for 1975 had been lowered from outstanding to satisfactory because of his age (55 years old) and national origin (Italian). He filed a second discrimination complaint against the agency on April 22, 1977, alleging that his annual performance rating for 1976 had been lowered from outstanding to satisfactory because of his age, national origin and religion (Catholic). On November 21, 1983, he filed a third discrimination complaint alleging that he had been discriminated against because of his age, national origin and religion, had incurred reprisals for submitting his prior complaints and had been denied many promotional opportunities.

The U.S. Civil Service Commission in March 1977 held hearings and in September 1977 decided in favor of the agency and against Mr. Cocciardi in connection with Mr. Cocciardi's first and second complaints.

Mr. Cocciardi appealed to the Equal Employment Opportunities Commission ("EEOC") which, on December 11, 1980, remanded to the agency for a determination of "whether the evidence relative to the biased atmosphere at the agency facility affected the employment opportunities of appellant." On October 25, 1982, the EEOC denied the agency's request to reconsider EEOC's decision of December 11, 1980. After Mr. Cocciardi filed his third complaint on November 21, 1983, an EEOC examiner conducted a hearing on all three complaints and, on June 12, 1985, found Mr. Cocciardi had been discriminated against and denied promotional opportunities, and recommended a remedy of promotion to GS–14, back pay and benefits retroactive to January 1, 1977.

The agency considered the EEOC examiner's reccommended decision, but determined that Mr. Cocciardi's promotion, back pay and benefits should be retroactive only to October 21, 1983 and not January 1, 1977; stating:

I find that you were discriminated against when your performance was rated in 1976 and 1977 which did subsequently impact upon your opportunity for promotion. However, as you did not specifically complain about nonselection until 21 November 1983, I find that you are entitled to retroactive promotion 30 days prior to this complaint, not 1 January 1977, the date recommended by the EEOC complaints examiner.

Mr. Cocciardi filed a timely notice of appeal of the agency's decision to the EEOC's Office of Review and Appeals on September 3, 1985.

On June 5, 1987, the EEOC Office of Review and Appeals determined that the EEOC examiner had erred insofar as he had reccommended back pay, benefits and promotion retroactive to January 1, 1977 and held that the back pay, benefits and promotion should have been awarded retroactive only to November 21, 1981, which was two years prior to the date of Mr. Cocciardi's third complaint. The EEOC in issuing its decision stated:

The Commission's regulations limit an award of back pay to two years prior to the date the discrimination complaint was filed. 29 C.F.R. § 1613.271(b)(1). While the record demonstrates that appellant applied for promotions and complained about not being selected as far back as 1976, he did not file a formal complaint of discrimination on his nonselections until November 21, 1983.

Mr. Cocciardi filed a timely petition for reconsideration of the EEOC decision, which the EEOC denied on August 17, 1988. Having exhausted his administrative remedies, Mr. Cocciardi timely filed a complaint with this court on September 16, 1988, requesting this court to award him backpay, benefits and promotion retroactive to January 1, 1977.

This case having been called for a nonjury trial on July 12, 1989, this court inquired of the parties concerning the issues to be tried. The court noted that in *Chandler v. Roudebush*, 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976), the Supreme Court determined that federal employees have been afforded the right to trial *de novo* of their employment discrimination claims. The government, however, has no right to appeal final administrative decisions or to demand a trial *de novo*. In response to the court's inquiry, Mr. Cocciardi replied that the only issue to be determined at the trial is "whether Plaintiff 'complained' to the appropriate authorities ... prior to 21 November 1983, of having lost promotional opportunities as a result of the Agency's discrimination." The government, on the other hand, responded that the trial *de novo* should be limited to the issue of whether the performance appraisals for the years 1975 and 1976 were the cause of Mr. Cocciardi's failure to be selected for a specific position for which he timely complained and whether, absent discrimination, plaintiff would have been promoted to that position prior to November 21, 1981. It appears, therefore, that Mr. Cocciardi and the government, though they have slightly different views as to the issue to be determined by the court at the trial of this

action, both take the position that *Chandler* does not require a trial *de novo.*

In *Chandler*, the Supreme Court stated It is well established that § 706 of the Civil Rights Act of 1964 accords private-sector employees the right to *de novo* consideration of their Title VII claims.... Since federal-sector employees are entitled by § 717(c) to 'file a civil action as provided in section 706' ... and since the action provided in § 706 is a trial *de novo*, it would seem to follow syllogistically that federal employees are entitled to a trial *de novo* of their employment discrimination claims.

425 U.S. at 845–846, 96 S.Ct. at 1952. The Supreme Court specifically determined that the Congressional intent embodied in the 1972 Amendments to Title VII was violated by the District and Circuit Courts' failure to require a "trial *de novo*" in *Hackley v. Johnson*, 360 F.Supp. 1247, 1252 (D.C.D.C. 1973). The Supreme Court, in commenting on the standard of review in *Hackley*, stated "Nothing in the legislative history indicates that the federal-sector 'civil action' was to have this chameleon-like character, providing fragmentary *de novo* consideration of discrimination claims...." 425 U.S. at 861, 96 S.Ct. at 1959. Since this decision of the Supreme Court in 1976, federal employees filing complaints taking issue with administrative decisions in connection with claims of discrimination receive a "trial *de novo*" of their employment discrimination claims. It is well-recognized that a "trial *de novo*" requires a trial of all the issues in the particular case. It has always been distinguished from an "appeal" wherein an appellate court reviews the record and makes a determination concerning specific errors. Black's Law Dictionary (5th Ed. West 1979) p. 1349 defines the standard thus: *"trial de novo.* A new trial or retrial had in which the whole case is retried as if no trial whatever had been had in the first instance."

Mr. Cocciardi relies on *Pecker v. Heckler*, 801 F.2d 709 (4th Cir.1986) for his contention that he is entitled to a " 'fragmented' trial *de novo*" because "to the extent that the agency's or the EEOC's findings on liability are *favorable* to the federal employee, they must be enforced and adopted by the district court upon request," but "to the extent that the agency's or the EEOC's findings on the *remedy* are adverse to the federal employee, or do not give him all the relief he wants, a trial *de novo* on those damages issues should be conducted upon the employee's request." Unlike this action, *Pecker* was an "enforcement action" wherein the plaintiff was seeking an order of the court to enforce an administrative decision.

It is well established that a federal employee has the right, pursuant to Title VII, to file an action in a U.S. District Court requesting the court to issue an order directing the government to comply with the final administrative decision concerning discrimination. *See Houseton v. Nimmo*, 670 F.2d 1375, 1376 (9th Cir.1982); *Moore v. Devine*, 780 F.2d 1559, 1563 (11th Cir.1986). Although the *Pecker* case might be interpreted as involving a "fragmentary" review, it was an enforcement action wherein the court held that in view of the fact that the administrative decision determined that the plaintiff was entitled to a retroactive promotion to GS–10 as of April 1979 and since the position had been upgraded to GS–11 in September 1979, the plaintiff was therefore entitled to the GS–11 ranking retroactive to April 1980, the date on which the plaintiff would have become eligible for the GS–11 position if originally promoted in a timely manner. 801 F.2d at 713.

Mr. Cocciardi has not brought an enforcement action. The government has fully complied with the administrative decision and has awarded Mr. Cocciardi retroactive promotion, backpay and benefits to November 21, 1981. The EEOC did not find Mr. Cocciardi entitled to a retroactive promotion earlier than November 21, 1981. Mr. Cocciardi is entitled, however, to a trial *de novo* pursuant to *Chandler.*

As the Supreme Court in *Chandler* points out:

It may well be ... that routine trials *de novo* in the federal courts will tend ultimately to defeat, rather than to advance, the basic purposes of the statutory

scheme. But Congress has made the choice, and it is not for us to disturb it. 425 U.S. at 864–865, 96 S.Ct. at 1961. Both Congress and the Supreme Court having made the determination, this court must grant Mr. Cocciardi no more and no less than a "trial *de novo.*"

In adopting the *de novo* review standard, the Supreme Court in *Chandler* did not disregard the importance of the prior administrative process which in Mr. Cocciardi's case has consumed eleven years. The Court stated:

> Prior administrative findings made with respect to an employment discrimination claim may, of course, be admitted as evidence at a federal-sector trial *de novo.* See Fed.Rule Evid. 803(8)(C).... Moreover, it can be expected that in the light of the prior administrative proceedings, many potential issues can be eliminated by stipulation or in the course of pretrial proceedings in the District Court.

425 U.S. at 863 n. 39; 96 S.Ct. at 1961 n. 39. In order to expedite this *de novo* nonjury trial, the court will order the parties to confer and determine which issues they will agree can be reduced to a stipulation.