**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4789
_____

MICHAEL GERA,
                    Appellant

v.

COUNTY OF SCHUYLKILL
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-12-cv-01227)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2015
Before:  RENDELL, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: July 15, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Michael Gera appeals pro se from the District Court's grant of summary judgment to the defendant on his disability discrimination action. For the reasons set forth below, we will affirm.

## I.

Gera began his career as a correctional officer for the Schuylkill County Prison in 1986. Approximately 20 years later, he was diagnosed with a degenerative joint disease, which limited his mobility. Gera requested light-duty work and was assigned to the prison's control room. In January 2008, a new collective bargaining agreement went into effect, and under its terms Gera was no longer eligible for the control room assignment, as that was reserved for employees with temporary, work-related injuries. Because Gera's disability precluded him from returning to the regular duty correctional officer position, he was placed on medical leave on February 26, 2008. In accordance with the collective bargaining agreement, the County laid Gera off on January 19, 2011, due to a staff shortage. In the interim, Gera applied for and was awarded Social Security disability benefits retroactive to February 26, 2008.

In 2012, after obtaining a right to sue letter from the EEOC, Gera filed this action, alleging that Schuylkill County violated the ADA and the Pennsylvania Human Relations Act and wrongfully retaliated against him. Ultimately, the District Court granted the defendant's motion for summary judgment, primarily because Gera failed to show that he was a qualified individual within the meaning of the ADA, his disability benefits claim precluded his ADA claim, and he failed to show retaliation. Gera timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise plenary review over a District Court's decision to grant summary judgment. Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). Summary judgment is appropriate when the record establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).[1]

The ADA prohibits employers from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A "qualified individual" with a disability is a person who, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). To make a prima facie disability discrimination case, Gera must demonstrate that: "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." Gaul

---

[1] Although the EEOC made preliminary findings in favor of Gera, we review his claims de novo and are not bound by these findings. See Morris v. Rumsfeld, 420 F.3d 287, 294 (3d Cir. 2005).

3

v. Lucent Techs., Inc., 134 F.3d 576, 580 (3d Cir. 1998). It is Gera's burden to demonstrate that he is a qualified individual. Id.

The District Court rejected Gera's ADA claim because it found he was not a qualified individual. We agree. It is undisputed that Gera could not perform the essential functions of a regular duty correctional officer. In particular, Gera conceded that he could not engage in the custody or control of inmates due to his physical disabilities. No reasonable accommodation existed that would have enabled Gera to perform this function. Accordingly, Gera was not a qualified individual, and his disability discrimination claim fails.

Gera argues that the defendant should have accommodated him by allowing him to remain in the control room. But it is well-established that "[t]he ADA does not require an employer to create a new position . . . . [or] transform a temporary light duty position into a permanent position." Buskirk v. Apollo Metals, 307 F.3d 160, 169 (3d Cir. 2002). As to Gera's argument that he should have been transferred to a different position in the County, it was his burden to "'demonstrate that there were vacant, funded positions whose essential duties he was capable of performing,'" and he has failed to offer even one such position. Gaul, 134 F.3d at 580 (quoting Shiring v. Runyon, 90 F.3d 827, 832 (3d Cir. 1996). Because Gera failed to demonstrate that he is a qualified individual, his argument that the defendant violated the ADA by not engaging in an interactive process also fails. See Hohider v. United Parcel Serv., Inc., 574 F.3d 169, 193-94 & n.20 (3d Cir. 2009) (collecting cases holding that failure to engage in interactive process is unimportant if employee is not a qualified individual). Gera raises no other meritorious

4

arguments in his appeal, and the record reveals none. We will therefore affirm the District Court's grant of summary judgment to the defendant on Gera's ADA disability discrimination claim.[2]

We will also affirm the District Court's judgment on Gera's retaliation claim. "To establish a prima facie case of retaliation under the ADA, a plaintiff must show: (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." Krouse v. Am. Sterilizer Co., 126 F.3d 494, 500 (3d Cir. 1997). The District Court found that Gera's request for accommodation in 2008 was protected conduct and his discharge was an adverse an action, but it rejected his claim because he failed to show a causal connection between the two events. Ordinarily, a causal connection may be shown by "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007). As the District Court concluded, Gera offers no evidence of antagonism, and the nearly three year gap between his requested accommodation and discharge is not unusually suggestive of retaliation. Cf. Williams v. Phila. Hous. Auth. Police Dep't, 380 F.3d 751, 760 (3d Cir. 2004). Nor has Gera shown that "evidence gleaned from the record as a whole" suggests causation. Lauren W., 480 F.3d at 267 (quotation marks

---

[2] Accordingly, we need not address the argument that Gera's disability benefits claim precludes his disability discrimination claim.

5

omitted).  Indeed, in his response to the defendant's statement of undisputed facts, Gera did not dispute the defendant's contention that it ultimately laid him off due to a staff shortage, in accordance with the collective bargaining agreement.  Gera's retaliation claim therefore fails, and the District Court properly granted summary judgment to the defendant on this claim.[3]

III.

For the foregoing reasons, we will affirm the judgment

---

[3] Because Gera's ADA discrimination and retaliation claims fail, his PHRA claim also fails.  See Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 382 (3d Cir. 2002).