NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1745
_____

ARTHUR L. STONE,
                                    Appellant

v.

JEH JOHNSON,
Acting Secretary, Department of Homeland Security
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2-13-cv-03765)
District Judge: Hon. Stewart Dalzell
_____

Argued: November 20, 2014
_____

Before: McKEE, *Chief Judge*, RENDELL and SLOVITER, *Circuit Judges*.

(Filed: June 23, 2015)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Dennis L. Friedman, Esq.      **[ARGUED]**
Suite 714
1515 Market Street
Philadelphia, PA 19102
     *Counsel for Appellant*

Richard M. Bernstein, Esq.     **[ARGUED]**
Office of United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106
     *Counsel for Appellee*

MCKEE, *Circuit Judge.*

Plaintiff Arthur L. Stone appeals the District Court's order granting the Department of Homeland Security's Motion to Dismiss in the action that Stone filed alleging employment discrimination on the basis of his disability. For the reasons that follow, we will reverse the order of the District Court and remand.[1]

## I.

Stone was a Federal Air Marshal employed by the Transportation Security Administration ("TSA"). He was removed from his position because he had a medical condition that rendered him unable to perform his duties. Less than a year after being removed, he claimed to have recovered and requested that he be returned to duty. However, he continued to receive disability benefits from the Office of Workers' Compensation Program ("OWCP"). When the TSA refused to reinstate him, Stone filed a complaint before the Equal Employment Opportunity Commission alleging

---

[1] The District Court had jurisdiction of this case pursuant to 42 U.S.C. § 2000e-16(c). This court has jurisdiction of this appeal under 28 U.S.C. § 1291.

discrimination in violation of Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.*, as reprisal for "engaging in prior EEO activity challenging his termination." The Administrative Judge ruled in favor of the TSA, concluding that, although Stone established a prima facie case of reprisal, the TSA articulated a legitimate, nondiscriminatory reason for its action: Stone continued to receive benefits. The Commission affirmed the Administrative Judge's order.

Stone appealed the EEOC's affirmance of the Administrative Judge's order to the District Court. The Department of Homeland Security ("DHS") filed a motion to dismiss, contending that Stone's action should be dismissed as collaterally estopped. The District Court granted the motion and this appeal followed.[2]

## II.

Four requirements must be met in order for a claim to be collaterally estopped: (1) the identical issue must have been previously adjudicated; (2) the issue must have been actually litigated; (3) the previous determination of the issue must have been necessary to the decision; and (4) the party being precluded from relitigating the issue must have been fully represented in the prior action. *Jean Alexander Cosmetics*, 458 F.3d at 249. Mr. Stone does not deny that all four factors are present here. Stone contends, however, that

---

[2] We exercise plenary review of a district court's order granting a motion to dismiss on the basis of collateral estoppel. *See, e.g.*, *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 248-49 (3d Cir. 2006). Such a motion to dismiss under Rule 12(b)(6) should be "granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations 'could not raise a claim of entitlement to relief.'" *Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 264 (3d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007)).

the District Court should not have relied on the EEOC's ruling that the TSA did not discriminate against him because the EEOC's decision was "not a final, unappealable decision" and that he is entitled to trial *de novo* under 5 U.S.C. §§ 7702(a)(3)(B), (e)(1) and § 7703. We agree.

Agency decisions under Title VII do not have preclusive effect because, under that statute, federal employees are entitled to a trial *de novo* of their employment discrimination claims in federal court. *See Chandler v. Roudebush*, 425 U.S. 840, 845 (1976). While Stone's claim of discrimination arises under the Rehabilitation Act of 1973,[3] instead of Title VII, we have previously explained that federal employees suing under the Rehabilitation Act are also entitled to *de novo* review of administrative decisions in federal court:

> On conclusion of the administrative proceeding, a district court may provide two distinct forms of relief. First, a federal employee who prevails in the administrative process may sue in federal court to enforce an administrative decision with which an agency has failed to comply. Such an enforcement action does not trigger de novo review of the merits of the employee's claims. . . . Alternatively, a federal employee unhappy with the

---

[3]  In his brief before this court, Stone argued he was "alleging that the Agency had failed to restore him to his position, in violation of the restoration regulations and that the Agency's decision to deny him his restoration rights was motivated by impermissible discrimination under the *Rehabilitation Act* and, in particular, in reprisal for his having engaged in prior EEO activity." (Appellant Br. at 2-3.) Likewise, in his Amended Complaint before the District Court, Stone stated that "the Agency had failed to restore him to his position, in violation of the restoration regulations and that the Agency's decision to deny him his restoration rights was motivated by impermissible discrimination under the Rehabilitation Act of 1973 and, in particular, in reprisal for his having engaged in prior EEO activity." (J.A. 63.) In its decision, the EEOC also noted that "in his decision, the [ALJ] referred to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII). Complainant's reprisal allegation, however, falls under the Rehabilitation Act." (J.A. 26.)

4

administrative decision may bring his or her claims to a district court, under Section 505(a) of the Rehabilitation Act, 29 U.S.C. § 794a(a), and receive the same *de novo* consideration that a private sector employee enjoys in a Title VII action, under 42 U.S.C. § 2000e-16(c).

*Morris v. Rumsfeld*, 420 F.3d 287, 290 (3d Cir. 2005) (citing *Chandler*, 425 U.S. at 863. Because Stone appealed the EEOC's decision, the District Court should have reviewed Stone's claims *de novo*. Therefore, it erred in dismissing Stone's suit as collaterally estopped.

III.

For the reasons set forth above, we will reverse the judgment of the District Court and remand for proceedings in accordance with this decision.