NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3642
_____

ARTHUR L. STONE,

Appellant

v.

SECRETARY UNITED STATES DEPARTMENT
OF HOMELAND SECURITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-13-cv-03765)
Honorable Stewart Dalzell, District Judge
_____

Submitted under Third Circuit LAR 34.1(a)
May 12, 2017

BEFORE:  AMBRO, RESTREPO, and COWEN, Circuit Judges

(Filed: July 27, 2017)
_____

OPINION*
_____

COWEN, Circuit Judge.

_____

*This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Plaintiff Arthur L. Stone appeals from the order of the United States District Court for the Eastern District of Pennsylvania granting Defendant Secretary of Homeland Security's motion for summary judgment as well as the judgment entered by the District Court in accordance with this order in favor of Defendant and against Stone. We will affirm.

I.

Stone was a Federal Air Marshal employed by the Transportation Security Administration ("TSA"). He has a hearing disorder called eustachian tube dysfunction (which limits his ability to tolerate rapid changes in barometric pressure during, for instance, the descent of an airplane). While serving as a Federal Air Marshal on board a flight, he suffered an episode of barotrauma (a severe traumatic injury causing physical damage to the inner ear). Concluding that he was unable to perform the essential functions of his position due to his medical conditions, the TSA removed Stone from his position as of August 3, 2007. Stone appealed his removal to the Merit Systems Protection Board ("MSPB"), but his appeal was denied. Furthermore, Stone had applied for, and received beginning in 2007, benefits from the Department of Labor's Office of Workers' Compensation Programs ("OWCP").

On May 23, 2008, Stone asked the TSA to restore him to his position as a Federal Air Marshal, claiming that he had fully recovered. In a letter dated July 11, 2008, the TSA denied his request on the grounds that "you are not fully recovered within the meaning of the regulations." (A113.) In particular, the OWCP continued to pay worker's compensation benefits, and the Labor Department had advised the Office of

2

Law Enforcement/Federal Air Marshal Service ("OLE/FAMS") that Stone had not fully recovered from his compensable injury. "Finally, the OLE/FAMS Medical Programs Division concluded that the medical documentation you submitted in support of your request for reinstatement does not demonstrate that you are fully recovered from your compensable injury." (Id.) Stone appealed to the MSPB, but his appeal was dismissed.[1] He filed an administrative complaint "alleging discrimination in violation of Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.*, as reprisal for 'engaging in prior EEO activity challenging his termination.'" Stone v. Johnson, 608 F. App'x 126, 127 (3d Cir. 2015). However, the Equal Employment Opportunity Commission ruled in favor of the TSA.

"In a separate proceeding in 2011, not before us, the OWCP revisited Stone's benefits and it proposed terminating them because it found that Stone had recovered from his barotrauma, even though he was still unable to fly due to the underlying Eustachian tube dysfunction." Stone v. Johnson, 196 F. Supp. 3d 562, 565 (E.D. Pa. 2016). Stone contested this proposed termination. However, the OWCP ultimately ruled against him and discontinued his worker's compensation benefits.

Alleging reprisal under the Rehabilitation Act, Stone commenced the present action. The District Court initially granted Defendant's motion to dismiss on collateral estoppel grounds. See Stone v. Beers, 2014 WL 11395645 (E.D. Pa. Jan. 16, 2014).

---

[1] Stone brought a District Court action challenging the MSPB's decision, but the District Court dismissed his complaint without prejudice to refiling with the Federal Circuit. See Stone v. Napolitano, 2009 WL 2169216 (E.D. Pa. July 17, 2009). The Federal Circuit dismissed Stone's petition for review for failure to prosecute. See Stone v. Merit Sys. Prot. Bd., 449 F. App'x 2 (Fed. Cir. 2010).

Because Stone was "entitled to *de novo* review of [the EEOC decision] in federal court," we reversed and remanded for further proceedings. Stone, 608 F. App'x at 127.

After discovery, Defendant moved for summary judgment. The District Court granted this motion. It did so on the ground that Stone failed to establish a prima facie claim for retaliation, i.e., a causal connection between the employee's protected activity and the employer's adverse action. Furthermore, "[e]ven assuming that Stone had made such a prima facie claim, the Government has articulated a legitimate, non-retaliatory reason for its refusal to restore Stone to his position as a federal air marshal," and "the burden shifts back to Stone to prove that this reason was pretext." Stone, 196 F. Supp. 3d at 568. According to the District Court, Stone did not satisfy this burden.

## II.

According to Stone, the District Court erred "by failing to accept plaintiff's well-founded material factual allegations and factual evidence supporting those material factual allegations, by failing to draw reasonable inferences favorable to plaintiff from those well-founded factual allegations and by impermissibly weighing conflicting evidence and making credibility determinations." [2] (Appellant's Brief at 8.) He insists

---

[2] The District Court had subject matter jurisdiction pursuant to 29 U.S.C. § 794a(1) and 42 U.S.C. § 2000e-16(c). We have appellate jurisdiction under 28 U.S.C. § 1291. We review an order granting summary judgment de novo. Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313, 318 (3d Cir. 2000). "[T]he 'court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Stone, 196 F. Supp. 3d at 564 (quoting Fed. R. Civ. P. 56(a)).

4

that the material (and purportedly undisputed) factual allegations set forth in his third amended complaint "presented trial issues of fact which could only be resolved by the fact-finder." (Id. at 9.) However, the whole point of the summary judgment procedure is to go beyond the pleadings and to assess the proof in order to determine whether there is a genuine need for a trial. Fed. R. Civ. P. 56(e) advisory committee notes to 1963 amendment. As the District Court recognized, the non-moving party "may not rest upon the mere allegations or denials of his pleadings," and, on the contrary, his or her response must set forth specific facts indicating the existence of a genuine issue for trial. D.E. v. Cent. Dauphin Sch. Dist., 765 F.3d 260, 268-69 (3d Cir. 2014) (quoting Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985)).

Even assuming arguendo that Stone made out a prima facie retaliation claim, Defendant articulated a legitimate, non-retaliatory reason for the refusal to restore Stone to his position, and, in turn, Stone fails to point to evidence in the record that could lead a reasonable factfinder to disbelieve the employer's articulated reason or to find that a retaliatory reason more likely than not constituted a motivating or determinative cause of Defendant's action. See, e.g., Daniels v. Sch. Dist. of Philadelphia, 776 F.3d 181, 198-99 (3d Cir. 2015); Antol v. Perry, 82 F.3d 1291, 1300 (3d Cir. 1995). In its response to his request for restoration, the TSA concluded that he was not fully recovered within the meaning of the regulations. For his part, Stone continues to rely on the September 11,

---

Both the District Court and Defendant have characterized Stone's claim as arising under Title VII. However, his action implicates the Rehabilitation Act. See Stone, 808 F. App'x at 127 & n.3.

Defendant also filed a motion for summary affirmance, which we deny.

2007 letter of Thomas O. Willcox, M.D., Stone's treating physician, as evidence of a full recovery. Yet Dr. Willcox actually stated that Stone "is allowed to fly on commercial aircraft as long as either he follows my Fly & Dive instructions or he has tubes placed in his ears." (A107.) "The Fly & Dive instructions include" the use of "EarPlanes earplugs." (Id.). Stone testified at his deposition that he rejected Dr. Willcox's recommendation to undergo surgery because he did not believe he needed the tubes and because of the negative side effects. Stone also acknowledged that he could not really discharge his responsibilities as a Federal Air Marshal using the earplugs because he would not be able to hear what was happening on the plane.[3] The submission from Stone's treating physician—together with Stone's own deposition testimony—thereby

[3] In his reply brief, Stone refers to two additional documents: (1) an April 15, 2008 letter from David Wichterman Sr. (FAMS Workers' Compensation Program Manager) to the OWCP Claims Examiner claiming that "[i]n a report dated September 11, 2007, [Dr. Willcox] released Mr. Stone back to full time, full duty" and stating that the "Agency respectfully [sic] Mr. Stone's compensation benefits be terminated effective September 11, 2007, based on the treating physician's release to full time, full duty" (SA1); and (2) a December 7, 2010 report from Dr. William M. Sheppard opining that, inter alia, Stone "is okay to fly," "[t]here are no limitations upon any work whatsoever," and "I do not believe that Mr. Stone suffers from any current work related injury residual" (SA4). While the Court granted Stone's motion for leave to file his Supplemental Appendix and denied Stone's motion to strike, it is uncontested that these two documents "were never before the district court" (Appellee's Motion to Strike at 2). In any event, Dr. Willcox made it clear that Stone may fly only "as long as either he follows my Fly & Dive instructions [which includes the use of earplugs] or he has tubes placed in his ears." (A107.) We further note that Stone contested the termination of his worker's compensation benefits (although he ultimately was unsuccessful). In a March 22, 2011 letter to Stone's worker's compensation attorney, Dr. Willcox specifically stated that Stone was not fit to work as a Federal Air Marshal. Indeed, Stone stated under oath at the December 6, 2011 worker's compensation hearing that he did not feel like he could return because his former colleagues are "doing an exuberant amount of flying at this point in time." (A104.) This would not appear to be consistent with Dr. Sheppard's assertion (purportedly based on what Stone had told him) that "the number of flights that the Air Marshall's fly per day is significantly decreased." (SA4.)

support the agency's refusal to restore Stone to his position as a Federal Air Marshal.

## III.

We will affirm the District Court's order and judgment.